UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

SHARON M. HEINRICH,

          Plaintiff,

-against-

JEWISH COMMUNITY CENTER METROWEST, INC.,
and USI SERVICES GROUP, INC.,

          Defendant.
_____X

**AMENDED VERIFED COMPLAINT**

**Jury Trial Demanded**

DOCKET NO.: 2:18-CV-17665 (SRC) (CLW)

The Plaintiff, SHARON M. HEINRICH, by her attorney ELLIOT H. FULD, upon information and belief alleges:

## AS AND FOR A FIRST CAUSE OF ACTION

1. A jury trial is demanded.

2. At all times herein mentioned, the plaintiff, SHARON M. HEINRICH, was and is a citizen, domiciliary and resident of the State of New York, County of Rockland.

3. JEWISH COMMUNITY CENTER METROWEST, INC. (hereinafter referred to as the "JCC") at all times hereinafter mentioned was and is a New Jersey non-profit corporation with its principal office at 760 Northfield Avenue, West Orange, New Jersey.

4. USI SERVICES GROUP, INC. (hereinafter referred to as "USI") at all times hereinafter mentioned was and is a New Jersey corporation with its present principal office located at 51 Progress Street, Union, New Jersey 07083.

5.  Upon information and belief, commencing in December, 2008 and on December 18, 2016, USI was a party to a written agreement in which USI promised, in exchange for compensations, to, inter alia, manage, operate, maintain, inspect, repair and police the facilities and premises of the JCC; to supervise and train its employees and the employees of the JCC; to generate and maintain books records documenting incidents, including but not limited to trip and falls, leaks, spills and/or hazardous conditions and to maintain and when necessary repair all equipment and tools used to ensure that the environment in and at the JCC was safe and free from hazards..

6.  The JCC had and has as its registered agent, one Jack Boeko who resides at 901 Route 10 East, Whippany, New Jersey 07981.

7.  There is complete diversity of citizenship between the parties to this action pursuant to F.R.C.P subject to 28 U.S. Code 1332 and in light of the amount in controversy, alleged herein below, this matter is appropriately commenced in Federal District Court Southern District of New York.

8.  On December 18, 2016, the Defendant JCC, at all times hereinafter mentioned, was and is a non-profit corporation doing business in the State of New Jersey.

9.  On December 18, 2016, the Defendant JCC, at all times hereinafter mentioned, was and is a non-profit corporation duly authorized to conduct business in the State of New

Jersey.

10. Defendant JCC advertised and held itself out as a community center and as a location for sporting events, exercise facilities and other community activities.

11. Defendant JCC, by the aforementioned activities, attracted and sought to bring to its facilities, persons from New Jersey and nearby states such as New York to attend sporting events at Defendant's New Jersey facility.

12. In so doing, Defendants, their agents, servants and/or employees, was aware that it had an obligation to provide a safe and hazard free environment and to ensure that all visitors, guests and members who were allowed into Defendant's facility, did not encounter or suffer any conditions that would cause or contribute to accidents and injuries.

13. On December 18, 2016, the Defendant JCC owned a facility located at 760 Northfield Avenue in West Orange, New Jersey.

14. On December 18, 2016, the Defendants, their agents, servants and/or employees, operated a facility located at 760 Northfield Avenue in West Orange, New Jersey.

15. On December 18, 2016, the Defendants, their agents, servants and/or employees, maintained a facility located at 760 Northfield Avenue in West Orange, New Jersey.

16. On December 18, 2016, the Defendants, their agents, servants and/or employees, controlled a facility located at 760 Northfield Avenue in West Orange, New Jersey.

17. On December 18, 2016, the Defendants, their agents, servants and/or employees, was holding a swimming competition at its facility and permitted and invited JCC members and members of the public to watch the competition in the swimming venue.

18. On December 18, 2016, the Defendants, their agents, servants and/or employees, provided seats and viewing areas for members and members of the public to watch the swimming competition.

19. That to access the areas where members and members of the public could watch the competition required that they traverse several steps, landings and/or stairs.

20. Said steps, landings and/or stairs were stone or concrete and otherwise were smooth in their consistency with no rubber treading or other surfacing to provide guests, patrons and members with proper traction on those steps, landings and/or stairs or to prevent persons walking on those steps from slipping.

21. That the environment and atmosphere in the swimming venue on October 18, 2016 was intentionally kept by Defendant in a warm and humid state as befits a swimming venue.

22. However, those warm and humid conditions resulted in the formation and collection of moisture on the steps, landings and/or stairs in the swimming venue creating slippery and dangerous walking surfaces.

23. Defendants knew or should have known that the collecting moisture from the pool area conditions on the aforementioned steps, landings and/or stairs and areas where guests and members walked caused and created a hazardous condition for all those who walked in those areas.

24. On December 18, 2016, and at all times hereinafter mentioned, as the Plaintiff, SHARON M. HEINRICH, was lawfully and properly walking on the steps, landings and/or stairs in the pool viewing area at Defendant's swimming venue, she was caused to slip on the moist and wet stairs.

25. That as a result thereof, Plaintiff, SHARON M. HEINRICH, was injured.

26. That as a result thereof, Plaintiff SHARON M. HEINRICH, was seriously injured suffering serious injuries to left foot requiring surgery as well as a gash to the head requiring sutures.

27. That Defendants, their agents, servants and/or employees, was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership,

operation, maintenance, management and control of their aforesaid pool area and steps, landings and/or stairs in that area; in failing to properly maintain, repair and care for the aforesaid pool area and steps, landings and/or stairs; in failing to have same under reasonable and proper control; in failing to regularly inspect that area; in failing to give due and proper warning as to the hazards in that area; in failing to properly train its employees and personnel to assist persons traversing that area because of the hazards therein; in operating the pool area and stairs therein in such a manner so that it would likely cause an accident; and in violating the state and local statues, ordinances and regulations as well as federal regulations governing pool area safety, of which the Court will take judicial notice.

28. The aforesaid occurrence and resulting injuries to the Plaintiff named herein, was due to the recklessness, carelessness and negligence of the Defendant, in the ownership, operation, control, management, renting, leasing, maintenance and inspection of the pool area and the steps, landings and/or stairs therein and without any fault or wrongdoing on the part of the Plaintiff, contributing thereto.

29. By reason of the foregoing, the plaintiff named herein, was caused to be damaged in body and mind, was rendered sick, sore, lame and disabled, has been and will continued to be obligated to incur and expend large sums of money for her medical care and attention, and has otherwise been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter but in any event is greater than $75,000.00.

**WHEREFORE,** the plaintiff, demand judgment against the Defendant, for a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter together with the costs, interest and disbursements of the action herein.

Dated: Bronx, New York
June 19, 2019

                                                          Yours, etc.

                                                          *ELLIOT H. FULD*

                                                          _____
ELLIOT H. FULD, ESQ.
*Attorney for Plaintiff*
930 Grand Concourse, Suite 1G
Bronx, New York 10451
(718) 410-4111