NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHARON M. HEINRICH, : : : Plaintiff, : : v. : : JEWISH COMMUNITY CENTER : METROWEST, INC., et al., : : Defendants. : : | Civil Action No. 18-17665 (SRC) OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant USI Services Group, Inc. ("USI") to dismiss the Amended Complaint and all crossclaims against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). Opposition has been filed by Plaintiff Sharon M. Heinrich ("Plaintiff" or "Heinrich") and by Defendant Jewish Community Center Metrowest, Inc. ("JCC"). The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant USI's motion to dismiss in part and deny it in part.

**I.　BACKGROUND**

This personal injury action arises out of a slip-and-fall incident that occurred on December 18, 2016. On that date, Plaintiff Heinrich, a resident of Rockland County, New York, was a spectator at a swim competition taking place at the JCC in West Orange, New Jersey. According to the Complaint, Heinrich slipped on stairs located in the JCC's pool viewing area,

sustaining an injury to her left foot that required surgery and a laceration to her head that required sutures. Plaintiff alleges that the injury occurred as a result of the hazardous condition of the stairs, which she asserts were negligently maintained.

Heinrich initiated this action on December 6, 2018 in the United States District Court for the Southern District of New York. The sole named Defendant in the Complaint was JCC, and no fictitious party defendants were included or identified in the Complaint. On December 21, 2018, the District Court for the Southern District of New York found that venue was improper in that forum and accordingly transferred this action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

Thereafter, Plaintiff learned that JCC contracted with USI for the maintenance of the JCC facilities. On June 19, 2019, Plaintiff filed an Amended Complaint, which adds USI as a party to the instant premises liability action and pleads a negligence claim against it. JCC's Answer to the Amended Complaint includes crossclaims against USI for breach of contract, common law and contractual indemnification, and contribution, arising out of the incident on which Plaintiff's negligence claims are based. In lieu of filing an Answer to the Amended Complaint, USI filed the instant motion to dismiss the Amended Complaint on the grounds that Plaintiff's negligence claim is time-barred. It also moves to dismiss JCC's crossclaims.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of the State of New York, both Defendants JCC and USI are citizens of New Jersey, and the requisite amount in controversy is met by the allegations of the Amended Complaint.

## II.   DISCUSSION

In evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint at issue contains "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). On a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The instant motion is based on the statute of limitations defense, which generally may constitute a basis for dismissal under Rule 12(b)(6) only where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

The Amended Complaint before the Court asserts one claim against USI, sounding in common law negligence. USI moves to dismiss this claim as time-barred under New Jersey's two-year limitations period for personal injury claims. See N.J.S.A. 2A:14-2(a). Before proceeding with its analysis of the motion on the merits, the Court holds that New Jersey's statute of limitations governs the timeliness of Heinrich's negligence claim. It is well-established that, under the Erie doctrine, a federal court sitting in diversity applies the substantive law of the state in which it sits. Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007) (citing Erie R.R. Co. v.

3

Tompkins, 304 U.S. 64, 78 (1938)). It is equally well-established that the substantive laws "include state statutes of limitations." Id. (citing Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945)). Although USI's moving brief raises a conflict between the laws of New Jersey and New York, which affords a three-year limitations period for the claim at issue, USI correctly argues that the law of the state with the most substantial relationship to Plaintiff's premises liability negligence claim is New Jersey, where the subject accident occurred. Of equal importance, Plaintiff agrees that New Jersey law governs her claim, and indeed the parties all rely on New Jersey law in arguing whether the negligence claim is viable. Moreover, the Court notes that this action was transferred from the Southern District of New York under 28 U.S.C. § 1406, on the grounds that the case was filed in the incorrect forum. As such this Court applies the substantive law it would have applied had the action been filed in the District of New Jersey initially. Lafferty, 495 F.3d at 77.

  Plaintiff concedes that she initiated her negligence claim against USI after the two-year limitations period expired. She argues, however, that her claim must be treated as timely filed under the relation-back doctrine, as set forth in Federal Rule of Civil Procedure 15(c). The doctrine essentially relaxes the statute of limitations in certain circumstances such that a claim set forth in "an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010) (citing Fed. R. Civ. P. 15(c)). Here, Plaintiff invokes two alternative provisions of Rule 15(c) under which relation back in permitted: subsection (c)(1)(A), providing that "an amendment may relate back to the date of the original

pleading when . . . the law that provides the applicable statute of limitations allows relation back;" and subsection (c)(1)(C), governing situations in which the amendment "changes the party or the naming of the party against whom a claim is asserted." The court will address each in turn.

Rule 15(c)(1)(A) gives a party asserting a state law claim the benefit of the state law standard for the relation back of claim, in the event it is more lenient than the federal standard. Anderson v. Bondex Int'l, Inc., 552 F. App'x 153, 157 (3d Cir. 2014). Heinrich maintains that she may avail herself of New Jersey's fictitious party rule, N.J. Ct. R. 4:26-4, which allows a party to file suit "against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification," and later amend the complaint to state the defendant's true name. To benefit from the New Jersey fictitious party rule's tolling of the statute of limitations, a plaintiff must invoke the rule "before expiration of the limitations period." DeRienzo v Harvard Indus., Inc., 357 F.3d 348, 353 (3d Cir. 2004). In other words, the Complaint must, at a minimum, actually name a fictitious defendant and provide an identifying description of the party, as the rule requires. Id.; see also Dziubek v. Cedar Glen Lakes, Inc., No. A-1785-15T3, 2016 WL 3909536, at *3 (N.J. App. Div. July 20, 2016) (listing the four requirements that a plaintiff invoking the fictitious party rule must satisfy). Heinrich recognizes that her Complaint does neither but argues that the rule nevertheless applies because at the time she filed the Complaint, she could not have known that JCC had a maintenance contract with USI and thus "had no reason to list fictitious names of unnamed defendants or to suspect that a multi-million dollar health and fitness facility would have an outside entity provide maintenance and safety control in a pool spectator area." (Pl. Br. at 4.) Plaintiff's argument lacks legal

5

support. Heinrich's failure to meet the basic requirements of the fictitious party rule precludes her from relying on it to assert that her claim against USI is timely under Rule 15(c)(1)(A).

Plaintiff also raises New Jersey's general relation back rule, N.J. Ct. R. 4:9-3, but it, too, is unavailing. That rule "permits the addition of a new claim or a new party when the original complaint did not contemplate the need for such an amendment." Viviano v. CBS, Inc., 101 N.J. 538, 552 (1986). In relevant part, the rule provides as follows:

> An amendment changing the party against whom a claim is asserted relates back if . . . within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

N.J. Ct. R. 4:9-3.

As USI has argued, and Plaintiff fails to rebut, there is no indication that, prior to the expiration of the two-year limitations period on December 18, 2018, USI was on notice of the personal injury action filed by Plaintiff on December 6, 2018, much less knew or should have known USI would have been named in the Complaint but for a mistake concerning its identity. Indeed, if any inference can be drawn from the facts before the Court, it is that the short time between initiation of the suit and expiration of the limitations period renders it unlikely that USI would have received notice that Heinrich filed the instant action against JCC. See, e.g., Monaco v. City of Camden, 366 F. App'x 330, 335 (3d Cir. 2010) (affirming district court's holding that relation back under New Jersey Rule 4:9-3 did not apply, reasoning that because the suit was filed only six days before the statute of limitation expired, the court could not "conclude that the [initial defendants] would have had time to identify and notify the proposed defendants of the

6

action before the statute of limitations ran."). Reviewing the district court's application of New Jersey Court Rule 4:9-3 to deny a motion to amend the complaint adding parties out of time, the Third Circuit in Monaco affirmed the decision and stressed the importance of the rule's notice provision. Id. The Monaco court observed that the purpose of the notice requirement "is to assure that the added party will not be prejudiced by having to defend a stale claim." Id.; see also Flaherty v. Guala Pack N. Am., Inc., No. 17-8895, 2018 WL 4145899, at *6 (D.N.J. Aug. 29, 2018) (dismissing the plaintiff's claim as time-barred and rejecting application of New Jersey's relation back rule, reasoning that no federal or state caselaw applying New Jersey law "actually decided that an amendment adding a new defendant after the running of the statute of limitations related back to a timely filed complaint where the newly added party was not on notice of the action within the time period provided by N.J. Ct. R. 4:9-3."). Without having received the requisite notice of this lawsuit prior to December 18, 2018 *and* possessing constructive or actual knowledge that it would have been involved in the suit, USI cannot be brought into the action based on a relation back of the Amended Complaint to the date the original Complaint was filed.

Turning, then, to Federal Rule of Civil Procedure 15(c)(1)(C), the Court notes that it is substantially similar to its New Jersey counterpart. Like New Jersey Court Rule 4:9-3, Rule 15(c)(1)(C) will deem a claim as relating back to the date the action was originally filed only if a newly added party had notice of the action filed by the plaintiff. Unlike the state rule, the federal rule provides that such notice must be received "within the period provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P. 15(c)(1)(C). Federal Rule of Civil Procedure Rule 4(m) affords 90 days from the date a complaint is filed, and thus applied to this action, sets the time period for notice to USI to run until March 6, 2019. Again, there is no

7

indication that USI had notice of this suit on or before that date. Thus, even if it may have potentially been more lenient with regard to relation back, Rule 15(c)(1)(C) does not salvage Plaintiff's time-barred negligence claim.

Plaintiff also cites New Jersey's discovery rule, apparently as a basis for the later accrual of her claim against USI. She argues that upon discovery of the maintenance contract between the JCC and USI, Plaintiff immediately prepared and filed an Amended Complaint and, moreover, did so with the time permitted by the Court's scheduling order for amending pleadings. It remains that Plaintiff's negligence claim accrued on the date she slipped and fell at the JCC, sustaining injuries. Beauchamp v. Amedio, 164 N.J. 111, 116 (2000) ("Ordinarily, a cause of action accrues when any wrongful act or omission resulting in any injury, however slight, for which the law provides a remedy, occurs."). Heinrich's discovery rule argument is misplaced and does not enlarge or expand the relation back parameters of Rule 15(c)(1)(C). The Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Krupski, 560 U.S. at 541.

Lastly, the Court addresses the portion of USI's motion seeking dismissal of JCC's crossclaims for indemnification. USI argues that, because the direct claim brought by Plaintiff must be dismissed, it follows that the crossclaims asserted by JCC cannot stand. USI's argument is not correct. Rule 13(g) of the Federal Rules of Civil Procedure provides that a crossclaim may be asserted by one party against a co-party. Under this rule, a crossclaim may not be brought against a party that has been eliminated from suit *prior* to the time the crossclaim was filed. Impex Agr. Commodities Div. of Impex Overseas Corp. v. Leonard Parness Trucking Corp., 582

F. Supp. 260, 261 (D.N.J. 1984). However, the law in the Third Circuit holds that "a dismissal of the original Complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." Aetna Ins. Co. v. Newton, 398 F.2d 729, 734 (3d Cir. 1968); Fairview Park Excavating Co. v. Al Monzo Const. Co., 560 F.2d 1122, 1125 (3d Cir. 1977) (reaffirming the rule announced in Aetna). In other words, where a crossclaim has been filed against an existing party, and the original direct claim against that party is later dismissed on the merits, "crossclaims interposed against the same party remain." Impex, 582 F. Supp. at 261. USI was a party to this case at the time JCC filed its crossclaims. Thus, those properly filed crossclaims remain viable, even after Plaintiff's claims against USI are dismissed as time-barred. Accordingly, insofar as USI's motion seeks to dismiss JCC's crossclaims, it will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant USI's motion to dismiss Plaintiff's claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) but deny its motion insofar as it seeks to dismiss JCC's crossclaims. An appropriate Order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 7, 2020